**So Ordered.**


Patricia C. Williams
Bankruptcy Judge

**Dated: September 5th, 2013**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re: | DC Case No. 12-cv-00646-RMP |
| LLS AMERICA, LLC, | Case No. 09-06194-PCW11 |
| Debtor(s). | |
| BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America, LLC, | Adversary No. 11-80159-PCW11 |
| Plaintiff(s), | REPORT AND RECOMMENDATION RE: FINAL JUDGMENT |
| vs. | |
| MONIQUE OLSEN, | |
| Defendant(s). | |

Attached is the final judgment proposed to be entered by the plaintiff. The final judgment is based upon the court's Order Granting Motion for Summary Judgment (ECF No. 72), which was entered August 20, 2013 due to defendant's failure appear at the status conference regarding that motion or otherwise respond to said motion. It is recommended that the District Court set a hearing to allow the defendant to

REPORT AND RECOMMENDATION RE: FINAL JUDGMENT ~ Page 1

articulate whatever defenses she may have which would prevent entry of the final judgment.

## Facts Relevant to the Entry of the Final Judgment

Defendant Monique Olsen is the only named defendant in this adversary, which was commenced July 16, 2011. The pleadings indicate that she was served with the Summons and Complaint by international registered mail, with return receipt requested, at the address of 6076 Golf Road, Agassiz, BC V0M 1A3, Canada, on July 29, 2011 (Certificate of Mailing of Summons and Complaint, ECF No. 4). A return mail receipt for that address is contained in the file with an unidentifiable signature (ECF No. 5). The defendant filed an Answer (ECF No. 6) containing the same Agassi, BC Canada, address reflected in the Certificate of Mailing of Summons and Complaint and return mail receipt (ECF Nos. 4 and 5, respectively). Substantively, the Answer is a one sentence general denial.

This adversary proceeding docket contains a Notice of Scheduling Conference and Certificate of Service of the same (ECF No. 7) to defendant on June 13, 2012, which also contained a notice of a telephonic scheduling conference hearing for July 16, 2013. The Certificate of Service states that the Notice of Scheduling Conference was served on the defendant at the same address referenced above. The defendant appeared telephonically at the scheduling conference on July 16, 2012. It was "strongly recommended" that defendant obtain counsel. Defendant had not

responded to the plaintiff's FRCP 26(f) Conference Report and Discovery Plan (ECF No. 8) and was directed to do so before the next hearing. A discussion occurred regarding the withdrawal of reference and defendant was also advised to address that issue prior to the continued scheduling conference. Defendant was informed that the scheduling conference would be continued telephonically to August 27, 2012. Defendant did not file any pleadings concerning the matters discussed nor appear at the continued hearing.

On October 31, 2012, plaintiff filed a motion to consolidate (ECF No. 16) this adversary, with adversary proceeding No. 11-80299 to determine the "common issues"' and attached thereto a Certificate of Service, which does not refer to this defendant. An order was entered granting plaintiff's motion for consolidation on November 30, 2012 (ECF No. 26).

The plaintiff filed a motion to withdraw reference (ECF No. 19) on November 19, 2012, utilizing the "notice and hearing" procedure and allowing the defendant 24 days to object to the motion. The Certificate of Service attached thereto reflects that the motion was served on the defendant at same address referenced above. No objection by the defendant was filed and the District Court entered an Order Granting Motion to Withdraw Reference and Setting Trial Date on January 16, 2013 (ECF No. 2, District Court case No. 12-cv-00646-RMP).

The court entered on February 15, 2013, an Amended Case Schedule Order relating to "non-common issues" (ECF No. 32), and the Bankruptcy Noticing Center's Certificate of Notice (ECF No. 33) states that the Amended Case Schedule Order was served on the defendant at the same address referenced above. The court also entered a Notice of Proposed Trial Setting Procedures (ECF No. 35) on March 20, 2013, and the Bankruptcy Noticing Center's Certificate of Notice (ECF No. 36) states that notice was served on the defendant at the same address referenced above on March 22, 2013.

On April 10, 2013, plaintiff filed a motion to compel answers to discovery (ECF No. 39), and on April 15, 2013, filed a notice of hearing regarding that motion (ECF No. 41). The Certificates of Service attached to these pleadings state both were served on the defendant at the same address referenced above. Plaintiff's supporting declaration (ECF No. 40) stated that the defendant had not responded to discovery served on her on December 20, 2012, nor had she responded to the plaintiff's letter of March 7, 2013, stating that if no response was received by April 1, 2013 that the plaintiff would file a motion to compel. Defendant did not file a response nor appear at the hearing on plaintiff's motion to compel held on May 9, 2013. The order granting plaintiff's motion to compel was entered on May 10, 2013 (ECF No. 46), but no proof of service on the defendant appears on the docket.

On June 19, 2013, plaintiff filed a disclosure of experts on non-common issues (ECF No. 48) and filed a Certificate of Service (ECF No. 49) stating that the plaintiff

served the disclosure of experts on the defendant at the same addressed referenced above.

The plaintiff filed a Motion for Sanctions on June 26, 2013 (ECF No. 50) against the defendant for her failure to respond to discovery and failure to comply with the court's Order Re: Motion to Compel Discovery (ECF No. 46). The Certificate of Service (ECF No. 53) filed the same date states that the motion and supporting declaration were served on defendant at same address referenced above. The supporting declaration stated that no response to the plaintiff's FRCP 26 Report had occurred and defendant still had not provided discovery responses. The motion was filed upon "notice and hearing" with any response due July 5, 2013, and a hearing date scheduled on July 8, 2013 (ECF No. 52). That notice was served on the defendant at the same address referenced above. Defendant did not file any response to the motion nor appear at the hearing on July 8, 2013. An order granting the motion for sanctions was entered on July 10, 2013 (ECF No. 57) and the Bankruptcy Noticing Center's Certificate of Notice (ECF No. 59) states the order was served on the defendant at the same address referenced above.

In the plaintiff's Motion for Summary Judgment filed July 25, 2013 (ECF No. 60), the plaintiff sought to prevent the defendant from introducing any evidence at trial regarding the defendant's "good faith" or disputing the plaintiff's accounting. The Certificate of Service (ECF No. 65) states that the motion was served on the defendant

at same address referenced above. A notice of a status conference (ECF No. 66) scheduled for August 9, 2013 on the plaintiff's Motion for Summary Judgment was served on July 26, 2013 at the same address referenced above (ECF No. 67). Defendant did not appear at the telephone hearing on August 9, 2013.

On August 19, 2013, an order granting plaintiff's Motion for Summary Judgment (ECF No. 72) was entered due to defendant's failure to appear at the hearing or respond to the plaintiff's Motion for Summary Judgment. Based on that order, and utilizing the notice and hearing procedure, the plaintiff served on the same address referenced above a Notice of Presentment (ECF No. 73) of the final judgment on August 21, 2013 (ECF No. 74). The notice stated that the judgment would be presented to the bankruptcy court ex-parte for its recommendation for entry of the judgment by the District Court unless a response was received from the defendant no later than September 4, 2013. The Bankruptcy Noticing Center's Certificate of Notice (ECF No. 75) was filed on August 21, 2013 reflecting service of same pleadings on defendant at the same address referenced above.

The defendant responded to the notice of presentment of final judgment on August 30, 2013 by filing another pro se answer (ECF No. 76). That second answer contains the same address referenced above for the defendant and is four pages of denials. Defendant also filed a declaration (ECF No. 77), which is similar to the standard declaration filed regarding jurisdiction by numerous defendants in numerous

adversaries, but contains an additional statement denying that the defendant was served with the Summons and Complaint.

## **Recommendation**

The final judgment should be entered unless, at a hearing scheduled by the District Court, the defendant is able to articulate any viable defense to the entry of the final judgment.

///END OF REPORT AND RECOMMENDATION///

Shelley N. Ripley, WSBA No. 28901
Daniel J. Gibbons, WSBA No. 33036
WITHERSPOON • KELLEY
422 W. Riverside, Suite 1100
Spokane, WA 99201
Telephone: (509) 624-5265; Facsimile: (509) 458-2717

Attorneys to Bruce P. Kriegman, Chapter 11 Trustee

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re:<br><br>LLS AMERICA, LLC,<br><br>Debtor. | 2: 12-cv-12-00646-RMP<br><br><br>Bankruptcy No. 09-06194-PCW11 |
| BRUCE P. KRIEGMAN, solely in his capacity as court-appointed Chapter 11 Trustee for LLS America LLC,<br><br>Plaintiff,<br>v.<br><br>MONIQUE OLSEN,<br><br>Defendant. | Adversary No. 11-80159-PCW11<br><br>JUDGMENT |

## JUDGMENT SUMMARY

1. Judgment Creditor:  Plaintiff Bruce P. Kriegman

2. Attorney(s) for Judgment
   Creditors:  Daniel J. Gibbons,
   Witherspoon Kelley

JUDGMENT - 1

S0756742

3. Judgment Debtor: Monique Olsen

4. Attorney for Judgment Debtor(s): None

5. Amount of Judgment: $340,278.42 CAD

6. Amount of Interest Owed to
   Date of Judgment: $0.00

7. Interest Rate: 0.11% per annum

## JUDGMENT

Based on the Order Granting Motion for Summary Judgment, judgment in this matter is entered as follows:

1. Plaintiff Bruce P. Kriegman is awarded judgment against Defendant Monique Olsen in the amount of $340,278.42 CAD, plus post-judgment interest at the rate of 0.11 percent (0.11%) per annum until paid in full.

Entered this ___ day of _____, 2013.

_____
HONORABLE ROSANNA PETERSON

Presented by:

WITHERSPOON • KELLEY

 /s/ Daniel J. Gibbons
Daniel J. Gibbons, WSBA No. 33036
Attorneys for Plaintiff

JUDGMENT - 2

S0756742

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100  Phone: 509.624.5265
Spokane, Washington 99201-0300  Fax: 509.458.2728